**U.S. Department of Justice**

United States Attorney
District of New Jersey

| | | |
|---|---|---|
| PAUL J. FISHMAN<br>United States Attorney<br><br>MATTHEW T. SMITH<br>Assistant United States Attorney | CAMDEN FEDERAL BUILDING & U.S. COURTHOUSE<br>401 Market Street, 4th Floor<br>Post Office Box 2098<br>Camden, New Jersey 08101 | 856/757-5026<br>FAX: 856/968-4917 |

January 3, 2013

Nace Naumoski, Esquire
Law Offices of Nace Naumoski
618 Newark Avenue
Elizabeth, NJ 07208

      Re:   <u>Plea Agreement with Orlando Allen</u>

Dear Mr. Naumoski:

      This letter sets forth the plea agreement between your client, Orlando Allen, and the United States Attorney for the District of New Jersey ("this Office").

<u>Charge</u>

      Conditioned on the understandings specified below, this Office will accept a guilty plea from Orlando Allen to Counts One and Two of the Superseding Indictment in <u>United States v. Timothy Ricks et al.</u>, Crim. No. 10-510 (JBS). Count One charges the defendant with conspiracy to commit wire fraud, contrary to 18 U.S.C. §1343, in violation of 18 U.S.C. § 1349. Count Two charges the defendant with conspiracy to commit money laundering, contrary to 18 U.S.C. § 1957, in violation of 18 U.S.C. § 1956(h). If Orlando Allen enters a guilty plea and is sentenced on these charges, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against Orlando Allen for: (a) his role in the conspiracy to devise a scheme and artifice to defraud various institutions in connection with mortgage loans issued to finance the purchase of properties in New Jersey and Florida (as is more fully described in the Superseding Indictment), including the following properties:

      15465 Summit Place Circle, Unit 296, Naples, Florida, 34120;

      15591 Summit Place Circle, Unit 313, Naples, Florida, 34120;

      15418 Summit Place Circle, Unit 134, Naples, Florida, 34120; and

      106 South 7th Street, Newark, New Jersey, 07107;

and (b) his role in the conspiracy to devise a scheme to launder stolen funds related to the mortgage fraud conspiracy, from in or about October 2006 through on or about November 7, 2008 in the District of New Jersey and elsewhere. However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, defendant agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by Orlando Allen may be commenced against him, notwithstanding the expiration of the limitations period after Orlando Allen signs the agreement.

## Sentencing

Count One - Conspiracy to Commit Wire Fraud

    The violation of 18 U.S.C. § 1349 to which Orlando Allen agrees to plead guilty in Count One of the Superseding Indictment carries a statutory maximum prison sentence of 30 years, and a statutory maximum fine equal to the greatest of: (1) $1,000,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense.

Count Two - Conspiracy to Commit Money Laundering

    The violation of 18 U.S.C. § 1956(h) to which Orlando Allen agrees to plead guilty in Count Two of the Superseding Indictment carries a statutory maximum prison sentence of 10 years and a statutory maximum fine equal to the greatest of: (1) $250,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense.

    The sentence on each count may run consecutively. Fines imposed by the sentencing judge may be subject to the payment of interest.

    Orlando Allen specifically agrees that for the purposes of sentencing, uncharged offenses and/or dismissed counts will be treated as relevant conduct pursuant to U.S.S.G. § 1B1.3 to the extent that the offenses relate to mortgage loans or related transactions concerning the four properties listed on pages 1 and 9 of this plea agreement.

    The sentence to be imposed upon Orlando Allen is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing

Reform Act, 18 U.S.C. § 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence Orlando Allen ultimately will receive.

Further, in addition to imposing any other penalty on Orlando Allen, the sentencing judge: (1) will order Orlando Allen to pay an assessment of $100, per count (for a total of $200), pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) must order Orlando Allen to pay restitution pursuant to 18 U.S.C. § 3663 et seq.; (3) may order Orlando Allen, pursuant to 18 U.S.C. § 3555, to give notice to any victims of his offense; (4) must order forfeiture, pursuant to 18 U.S.C. § 982; and (5) pursuant to 18 U.S.C. § 3583, must require Orlando Allen to serve a term of supervised release of not more than five years on Count One and not more than three years on Count Two, which will begin at the expiration of any term of imprisonment imposed. Should Orlando Allen be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Orlando Allen may be sentenced to not more than three years on Count One and not more than two years on Count Two in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

In addition, Orlando Allen agrees to make full restitution for all losses resulting from the offenses of conviction or from the scheme, conspiracy, or pattern of criminal activity underlying those offenses, to all victims.

### Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on Orlando Allen by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office

of: (1) this agreement; and (2) the full nature and extent of Orlando Allen's activities and relevant conduct with respect to this case.

## Stipulations

This Office and Orlando Allen agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or Orlando Allen from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict this Office's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

## Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and Orlando Allen waive certain rights to file an appeal, collateral attack, writ, or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

## Forfeiture

Orlando Allen agrees that as part of his acceptance of responsibility and pursuant to 18 U.S.C. § 981(a)(1) and 28 U.S.C. § 2461, Orlando Allen will forfeit to the United States the following specific property: (i) any and all of Orlando Allen's right, title and interest in any real property (other than his and his spouse's primary residence); (ii) any and all vehicles (including cars, trucks, boats, and motorcycles) acquired between October 2006 and

November 7, 2008 (other than Orlando Allen's spouse's primary vehicle); and (iii) any and all of Orlando Allen's right, title and interest in the contents of any bank accounts held on the name of Orlando Allen (the "Forfeitable Property"). In addition, Orlando Allen will consent to the entry of a forfeiture money judgment in the amount of $ 101,800.00 in United States currency (the "Forfeiture Money Judgment") representing the amount of proceeds obtained as a result of the offense. Defendant acknowledges that $101,800.00 and the Forfeitable Property are subject to forfeiture as property, real or personal, that constitutes or is derived from proceeds traceable to a violation of 18 U.S.C. § 1349, which constitutes a specified unlawful activity within the meaning of 18 U.S.C. § 981(a)(1) and property, real or personal, that was involved in an offense in violation of 18 U.S.C. § 1956(h) or is traceable to such property.

Payment of the Forfeiture Money Judgment shall be made by certified or bank check payable to the United States Marshals Service. On or before the date he enters his plea of guilty pursuant to this agreement, Orlando Allen shall cause said check to be hand-delivered to the Asset Forfeiture and Money Laundering Unit, United States Attorney's Office, District of New Jersey, 970 Broad Street, Newark, New Jersey 07102, with the criminal docket number noted on the face of the check.

If the Forfeiture Money Judgment is not paid on or before the date Orlando Allen enters his plea of guilty pursuant to this agreement, interest shall accrue on any unpaid portion thereof at the judgment rate of interest from that date. Furthermore, if Orlando Allen fails to pay any portion of the Forfeiture Money Judgment on or before the date of his guilty plea, Orlando Allen consents to the forfeiture of any other property alleged to be subject to forfeiture in the Information, including substitute assets, in full or partial satisfaction of the money judgment, and remains responsible for the payment of any deficiency until the Forfeiture Money Judgment is paid in full.

The defendant further agrees to waive all interest in the Forfeitable Property in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. The defendant agrees to consent to the entry of orders of forfeiture for the Forfeitable Property and waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure at the guilty plea proceeding.

Orlando Allen hereby waives any and all claims that this forfeiture constitutes an excessive fine and agrees that this forfeiture does not violate the Eighth Amendment.

## Immigration Consequences

The defendant understands that, if he is not a citizen of the United States, his guilty plea to the charged offense will likely result in his being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization. The defendant understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. The defendant wants and agrees to plead guilty to the charged offense(s) regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States. The defendant understands that he is bound by his guilty plea regardless of any immigration consequences of the plea. Accordingly, the defendant waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

## Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Orlando Allen. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service), or any third party from initiating or prosecuting any civil or administrative proceeding against Orlando Allen.

## No Other Promises

This agreement constitutes the plea agreement between Orlando Allen and this Office and supersedes any previous agreements between them.

No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

PAUL J. FISHMAN
United States Attorney

By: _____
MATTHEW T. SMITH
Assistant U.S. Attorney

APPROVED:

_____
R. STEPHEN STIGALL
Attorney-in-Charge, Camden

I have received this letter from my attorney, Nace Naumoski, Esquire. I have read it. My attorney and I have discussed it and all of its provisions, including those addressing the charge, sentencing, stipulations, waiver, forfeiture, and immigration consequences. I understand this letter fully. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____          Date: 2/20/13
ORLANDO ALLEN

I have discussed with my client this plea agreement and all of its provisions, including those addressing the charge(s), sentencing, stipulations, waiver, forfeiture, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____          Date: 2/25/13
NACE NAUMOSKI, ESQUIRE

- 8 -

## PLEA AGREEMENT WITH ORLANDO ALLEN

### SCHEDULE A

1. This Office and Orlando Allen recognize that the United States Sentencing Guidelines are not binding upon the Court. This Office and Orlando Allen nevertheless agree to the stipulations set forth herein.

2. The version of the United States Sentencing Guidelines effective November 1, 2012 applies in this case.

### COUNT ONE - CONSPIRACY TO COMMIT WIRE FRAUD

3. The applicable guideline for Orlando Allen's violation of 18 U.S.C. § 1349 is U.S.S.G. § 2B1.1, which carries a Base Offense Level of 7. See U.S.S.G. § 2B1.1(a)(1).

4. The parties agree that Orlando Allen conspired with others to obtain fraudulent mortgage loans from financial institutions in the following amounts, pursuant to closings conducted on or around the following dates:

> 15465 Summit Place Circle, Unit 296, Naples, Florida, 34120, March 11, 2008, $357,136.92;
>
> 15591 Summit Place Circle, Unit 313, Naples, Florida, 34120, April 25, 2008, $323,920.00;
>
> 15418 Summit Place Circle, Unit 134, Naples, Florida, 34120, April 29, 2008, $362,610.00; and
>
> 106 South 7th Street, Newark, New Jersey, 07107, May 14, 2008, $291,124.53.

Thus, for purposes of sentencing, the total loss amount that Orlando Allen caused to be obtained through false and fraudulent mortgage loan applications is $1,334,791.45. The loss amount is $1,334,791.45 **less** any amount that the financial institution victims have recovered by the time of sentencing from disposition of the collateral that secured portions of certain of the loans. If the collateral has not been disposed of by the time of sentencing, then the loss amount shall be offset instead by the fair market value of the collateral at the time of the defendant's guilty plea. See U.S.S.G. Section 2B1.1, Application Note 3(E)(ii) and (iii). The exact amount of the offsets for

each of the four properties will be determined at the time of sentencing. However, the parties agree that, taking all applicable offsets into account, the total loss amount is more than $400,000, but not more than $1,000,000. Accordingly, the adjusted offense level is increased by 14 levels, with a resulting total of 21. See U.S.S.G. § 2B1.1(b)(1)(H).

5. The instant offense involved sophisticated means. Therefore, the offense level is increased by two levels. See U.S.S.G. § 2B1.1(b)(10)(C).

6. Therefore, the adjusted guideline offense level for Count One is 23.

## COUNT TWO - CONSPIRACY TO COMMIT MONEY LAUNDERING

7. The applicable guideline for Orlando Allen's violation of 18 U.S.C. § 1956(h) is U.S.S.G. § 2S1.1. Because: (a) Orlando Allen committed the underlying offense; and (b) the offense level for that offense can be determined, U.S.S.G. § 2S1.1(a)(1) applies. Therefore, the guideline offense level is the same as set forth above in paragraph 3-6 of this Schedule A (guideline offense level of 23).

8. Specific Offense Characteristic § 2S1.1(b)(2)(A) applies because Orlando Allen was convicted under Title 18, United States Code, § 1956(h) but the sole object of that conspiracy was to commit an offense set forth in Title 18, United States Code, § 1957. See U.S.S.G. § 2S1.1, App. Note 3(C). Because § 1957 is the determining statute, this Specific Offense Characteristic results in an increase in 1 level.

## ALL COUNTS (GROUPING)

9. Under U.S.S.G. § 3D1.2(d), because Counts One and Two involve substantially the same harm and the offense level is determined largely on the basis of the total amount of harm or loss, Counts One and Two are grouped together into a single group.

10. Because Counts One and Two involve offenses of the same general type to which different guidelines apply, the offense guideline that produces the highest offense level applies. Count Two produces the highest offense level (offense level 24). Therefore, the adjusted guideline offense level for Counts One and Two is 24. See U.S.S.G. § 3D1.3(b).

11. As of the date of this letter, Orlando Allen has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offense charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if Orlando Allen's acceptance of responsibility continues through the date of sentencing. See U.S.S.G. § 3E1.1(a).

12. As of the date of this letter, Orlando Allen has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting this Office to avoid preparing for trial and permitting this Office and the court to allocate their resources efficiently. At sentencing, this Office will move for a further 1-point reduction in Orlando Allen's offense level pursuant to U.S.S.G. § 3E1.1(b) if the following conditions are met: (a) Orlando Allen enters a plea pursuant to this agreement, (b) this Office in its discretion determines that Orlando Allen's acceptance of responsibility has continued through the date of sentencing and Orlando Allen therefore qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and (c) Orlando Allen's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater.

13. In accordance with the above, the parties agree that the total Guidelines offense level applicable to Orlando Allen is 21 (the "agreed total Guidelines offense level").

14. Orlando Allen knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the agreed total Guidelines offense level of 21. This Office will not file any appeal, motion, or writ which challenges the sentence imposed by the sentencing court if that sentence falls within or above the Guidelines range that results from the agreed total Guidelines offense level of 21. The parties reserve any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category. The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

15. Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph.